UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WAYNE KETCHUM, JR.,

                Plaintiff,

v.

RANDY KHAN,
JOSEPH MCMILLAN,
JESSICA WELTON,
JEFFREY WERDA and
PHILLIP SCHUETTE,

                Defendants,
_____/

CASE NO. 1:10-CV-14749
JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION REGARDING DEFENDANT SCHUETTE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) (Doc. Ent. 12)

**I.     RECOMMENDATION:** The Court should dismiss plaintiff's 42 U.S.C. § 1983 claims against defendant Schuette, either pursuant to Fed. R. Civ. P. 12(b)(6) or, if the Court concludes that the attachments to Schuette's motion to dismiss (Doc. Ent. 12) present matters outside of the pleadings, Fed. R. Civ. P. 12(d), then the Court should dismiss those same claims under Fed. R. Civ. P. 56(a).

If Court accepts this recommendation, the only remaining claims will be those related to defendants Khan, McMillan, Welton and Werda, each of whom is a Michigan State Police Trooper.

**II.     REPORT:**

A.      **Plaintiff's Instant Prisoner Civil Rights Complaint[1]**

Plaintiff David Wayne Ketchum, Jr., filed the instant pro se, prisoner civil rights complaint on November 30, 2010 while he was incarcerated at the Saginaw County Jail (SCJ) in Saginaw, Michigan. Doc. Ent. 1.[2] Defendants are Michigan State Police (MSP) Troopers Randy Khan, Joseph McMillan, Jessica Welton and Jeffrey Werda ("the MSP defendants"), as well as Phillip Schuette. Doc. Ent. 1 at 1, 4. This complaint concerns the alleged events of May 2, 2009, which appear to be related to the May 4, 2009 charges in Case No. 09-032806-FH. Doc. Ent. 1 at 3, 5-7.[3]

Following the Court's December 3, 2010 order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made (Doc. Ent. 5), the U.S. Marshal acknowledged receipt of five (5) copies of the complaint for service of process (Doc. Ent. 7). The U.S. Marshal attempted service by mail on December 9, 2010.

Judge Cohn referred this case to me to conduct all pretrial proceedings. Doc. Ent. 6.

---

[1]On December 15, 2010, approximately two (2) weeks after the instant case was filed, plaintiff filed another case in this Court. *Ketchum v. Saginaw County and William Federspiel*, Case 4:10-cv-14976. There are several defendants: Saginaw County (Board of Commissioners), Mark A. McGill, Captain William Gutzwiller, Lieutenant Paula Lounsbury, James (J.D.) Anderson, Administrative Sergeant Craig Irvine, Marsha Austin, Ebony Rasco, David Bohl, Ann Sloan, John Oskvarek, Rick Shaft, Undersheriff Robert X. Karl, Paul Lagalo and Sheriff William Federspiel (each of whom are represented by the same counsel), as well as City Manager Darnell Early. Doc. Ent. 1 at 1, 18-19.

[2]The address listed on plaintiff's complaint is SCJ, 208 South Harrison, Saginaw, Michigan 48602. Doc. Ent. 1 at 1. The SCJ address is 208 S. Harrison. *See* www.saginawcounty.com, Courts & Law Enforcement, Sheriff, Divisions, Corrections, Jail. On December 2, 2010, the Clerk of the Court filed a "Notice Regarding Parties' Responsibility to Notify Court of Address Change." Doc. Ent. 3.

[3]On May 4, 2009, Ketchum was charged with operating while intoxicated, an assault related count and assault and battery (Mich. Comp. Laws §§ 257.625(1)(a), 750.81d(1), 750.81). Trial is scheduled for August 2, 2011. Case No. 09-032806-FH. *See* www.saginawcounty.com, Circuit Court Searches, Criminal Records

**B.     This Case Has Been Transferred to the Northern Division of the E.D. Michigan.**

On January 19, 2011, the MSP defendants filed a motion to change venue, wherein they asked the Court to transfer the case to the Northern Division of the Eastern District of Michigan. Doc. Ent. 9.  On January 25, 2011, I entered an order granting this motion.  Doc. Ent. 10.[4]

On April 13, 2011, Judge Cohn entered an order construing my order granting defendants' motion to change venue (Doc. Ent. 10) as a report and recommendation, adopting the same and transferring this case to the northern division.  Doc. Ent. 14.[5]  As a result, this case was reassigned from Judge Cohn to Judge Ludington.

**C.     Defendant Schuette's February 4, 2011 Motion to Dismiss**

Pending before the Court is defendant Schuette's February 4, 2011 motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6).  Doc. Ent. 12.  Therein, defendant Schuette argues that "[t]here are no allegations in the complaint to support that Defendant Schuette was a state actor[,]" and "Defendant Schuette was working at a private hospital as a security officer during the time the incident is alleged to have occurred."  Doc. Ent. 12 at 2 ¶¶ 5, 6.[6]  It is defendant Schuette's position that plaintiff's complaint "fails to state a claim upon which relief may be granted."  Doc. Ent. 12 at 2 ¶ 7.  Defendant Schuette seeks dismissal of this matter with prejudice as to him.  Doc. Ent. 12 at 2, 9.

---

[4] Shortly thereafter, on February 11, 2011, the MSP defendants filed an answer to the complaint and notice of affirmative defenses.  Doc. Ent. 13.

[5] On April 18, 2011, the copy of this order mailed on April 14, 2011 to Ketchum at SCJ was returned to sender for a better address.  Doc. Ent. 15.

[6] Defendant Schuette is represented by attorney Carolyn P. Cary of Miller, Canfield, Paddock and Stone, P.L.C., in Saginaw, Michigan (Doc. Ent. 11), while defendants Khan, McMillan, Welton and Werda are represented by attorney Joseph T. Froehlich of the Michigan Attorney General's Office in Lansing, Michigan.

On April 25, 2011, I entered a scheduling order providing plaintiff "up to and including June 27, 2011 by which to file a response[.]"  Doc. Ent. 16.[7]  To date, plaintiff has not filed a response.

**D.    Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:  (6) failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.  If a pleading sets out a claim for relief that does not require a responsive pleading, and opposing party may assert at trial any defense to that claim.  No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."  Fed. R. Civ. P. 12(b).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d) ("Result of Presenting Matters Outside the Pleadings.").[8]

---

[7]On April 25, 2011, Assistant Attorney General Froehlich informed the Court that Werda died on April 6, 2011.  Doc. Ent. 17.

[8]Attached to defendant Schuette's February 4, 2011 Rule 12(b)(6) motion to dismiss are the May 2, 2009 Michigan State Police Incident Report (Doc. Ent. 12-2 [Exhibit 1]), the affidavit of Phillip Schuette (Doc. Ent. 12-3 [Exhibit 2]), the affidavit of Dennis Bauer (Doc. Ent. 12-4 [Exhibit 3]), and Corporate Entity Details for Covenant HelathCare System (Doc. Ent. 12-5 [Exhibit 4]).  My April 25, 2011 scheduling order gave plaintiff up to and including June 27, 2011 by which to file a response to defendant Schuette's February 4, 2011 motion to dismiss

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atlantic Corp.*, 550 U.S. at 555 (citations and quotations omitted). It is not enough that "the pleadings [leave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id*. at 561. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Claims should be "nudged . . . across the line from conceivable to plausible" to avoid dismissal. *Id. See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-1951 (2009) ("respondent's complaint has not 'nudged [his] claims' of invidious discrimination 'across the line from conceivable to plausible.'") (quoting *Bell Atlantic Corp.*).

The reviewing court must construe the complaint in the light most favorable to plaintiff

---

(Doc. Ent. 12). Doc. Ent. 16 at 3.
    As indicated above, to date, plaintiff has not filed a response. However, this report takes into consideration the allegations plaintiff makes in his complaint.
    Although this report addresses defendant Schuette's dispositive motion in accordance with Rule 12(b)(6), the Court could reach the same decision in accordance with Rule 56 if it concludes that the attachments to the instant motion present matters outside of the pleadings, Fed. R. Civ. P. 12(d), which change the character of the motion into one brought under Rule 56.

and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *overruled on other grounds by Bell Atlantic Corp.*, 550 U.S. at 554-563. A dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

**E.   Analysis**

**1.**   On May 2, 2009, Ketchum was arrested for operating while intoxicated (OWI) and operating under the influence of drugs (OUID). Doc. Ent. 12-2 [Exhibit 1] at 2. The Michigan Department of State Police Incident Report describes McMillan, Khan, Welton and Werda as Troopers. Doc. Ent. 12-2 [Exhibit 1] at 7. It also describes Schuette as a Security Officer. Doc. Ent. 12-2 [Exhibit 1] at 9.

According to McMillan and Khan's Incident Report, plaintiff "refused a voluntary blood draw." Therefore, "[a] search warrant was obtained for blood, and filled at Covenant Medical Center." Doc. Ent. 12-2 at 2; *see also* Doc. Ent. 12-2 at 5. The Incident Report states that "Tarrant authorized the warrant[.]" Doc. Ent. 12-2 at 6.[9] The Incident Report further states that,

---

[9]The Court presumes this is a reference to Judge Kyle Higgs Tarrant of Saginaw's 70th District Court. *See* www.michbar.org, "Member Directory."

pursuant to a search warrant, Phlebotomist Simecki of Covenant Medical Center took two vials of blood from plaintiff's left arm.  Doc. Ent. 12-2 at 7.

**2.**       In his complaint, plaintiff describes three (3) claims.  First, plaintiff describes the alleged incidents of May 2, 2009:

> I was taken to Covenant [H]ospital . . . to have blood forcefully taken from me by means and justification of an illegal Affidavit for blood search warrant obtained by . . . McMillan of [MSP].  This Affidavit for blood search warrant was granted by 70th Judicial District Court Judge unknown, presumed to be Judge Kyle Higgs Tarrant.  Then [plaintiff] was 4 point restrained to a hospital bed in Covenant Hospital's ER Section, by . . . Khan, Werda, McMillan, Welton, Schuette.

Doc. Ent. 1 at 3.  Second, plaintiff claims he was "brutally [tortured] and beaten and choked by . . . Khan, Werda, McMillan, Welton and . . . Schuette on May 2[,] 2009 at Covenant [H]ospital," Doc. Ent. 1 at 5.  Third, plaintiff claims that photos and reports were falsified "to fabricate evidence that led into an intentional false arrest" by MSP troopers.  Doc. Ent. 1 at 6.

Plaintiff also sets forth several claims for relief: (1) an order requiring an extensive investigation "to retrieve the surveillance video stored in the computer system at Covenant Hospital . . . regarding the [aforementioned May 2, 2009] incident[,]" and to have witnesses/nurses interviewed, (2) $2,000,000.00 in damages and the termination of defendants' civil service employment, (3) termination and expungement of fabricated charges, and (4) an order requiring "all Saginaw City Police, Sheriff's [Department], [and] Michigan State Police to stop fabricating [e]vidence against [plaintiff] in [r]etaliation [for] this incident."  Doc. Ent. 1 at 3.  In further explanation of this last claim for relief, plaintiff claims *inter alia* that local and state law enforcement "adopt[] one another's [retaliation] targets[;]" in other words, they "help each other in [retaliating] on each other's victims of [retaliation]."  Doc. Ent. 1 at 7.

**3.**       In the instant motion, defendant Schuette contends he "was not acting under color of law

at the time of the alleged violation[.]" Doc. Ent. 12 at 3. He asserts that "[b]ecause a complaint under §1983 requires that a defendant be acting under color of state law, and Mr. Schuette was working as a private citizen in a private facility at the time of the alleged incidents, Plaintiff is unable to state a claim upon which relief may be granted." Also, Schuette represents that, "[a]s part of his job at Covenant, he attempted to help restrain [Ketchum]." Doc. Ent. 12 at 6.

Schuette has provided the January 31, 2011 affidavit of Dennis Bauer - the Manager of Security at Covenant HealthCare - who attests that "[o]n May 2, 2009 Mr. Schuette was clocked in and working as a security officer for Covenant between the hours of 2:00 and 3:15 a.m." Doc. Ent. 12-4 ¶¶ 2, 4 [Exhibit 3].

Schuette has also provided his own January 31, 2011 affidavit, wherein he states he is employed full-time by Covenant HealthCare but used to work part-time for the Saginaw County Sheriff's Department. Doc. Ent. 12-3 ¶ 2, ¶ 5 [Exhibit 2]. On May 2, 2009, Schuette "was punched in and on duty . . . between the hours of 2:00 and 3:15 a.m." Doc. Ent. 12-3 ¶ 3. At that time, he "was wearing [his] Covenant work clothing, not [his] Sheriff's uniform." Doc. Ent. 12-3 ¶ 7. On May 2, 2009, while he was on duty, Schuette "received an urgent call from hospital personnel regarding a disturbance in the emergency department." Doc. Ent. 12-3 ¶ 8. Upon his arrival at the emergency department, Schuette "learned that several of our employees in the emergency department had been assaulted and battered by an individual from whom they were trying to perform a blood draw[,]" and Schuette "observed [Ketchum's] combative and threatening behavior." Doc. Ent. 12-3 ¶ 9. Schuette also attests that his "appearance at the emergency department was done solely as a security officer for Covenant HealthCare and was in no sense related to [his] other part time different work as a Saginaw County Sheriff's officer."

8

Doc. Ent. 12-3 ¶ 10.

Also, Schuette explains that "Covenant is a private, non-profit corporation. It is not a state entity[,]" in support of which he cites a State of Michigan, Department of Energy, Labor & Economic Growth printout listing it as a domestic nonprofit corporation. Doc. Ent. 12 at 6, Doc. Ent. 12-5 (Corporate Entity Details, Covenant HealthCare System [Exhibit 4]); *see also* Doc. Ent. 12 at 7.[10]

Within his legal analysis, defendant Schuette argues, "[he] was a private actor, not a state actor, and did not act under color of any state law." It is Schuette's position that Ketchum "has failed to set forth any allegations of state action as to Defendant Schuette[,]" and the complaint "utterly fails to meet the *Twombly* test." Doc. Ent. 12 at 8.

As to the potential for a private actor to be held liable under 42 U.S.C. § 1983,[11] defendant Schuette alleges:

> Plaintiff has no allegations in the complaint regarding any conspiracy between the Michigan State Police and Covenant's employee, Phillip Schuette, to engage in a deprivation of civil rights. The only facts here are that Defendant Schuette was a private individual working in a private institution performing the duties of his job – protecting patients and staff at Covenant HealthCare. Whatever acts he engaged

---

[10]In fact, plaintiff's complaint in the case at bar alleges he was taken to Covenant HealthCare at 900 Cooper (Saginaw, MI 48602). Doc. Ent. 1 at 3, 5; *see also* www.covenanthealthcare.com.

[11]Here, defendant Schuette cites two cases. In *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970), the United States Supreme Court discussed "conspiracies between public officials and private persons[.]" *Adickes*, 398 U.S. at 150-152. Therein, the Supreme Court stated, "a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983." *Adickes*, 398 U.S. at 152. In *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992), the Sixth Circuit observed that "[t]he Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold the defendants liable under section 1983." *Wolotsky*, 960 F.2d at 1335 (public function test, state compulsion test and symbiotic relationship or nexus test).

9

      in, he did not engage in through any power of the state, but merely by virtue of his role as a security officer at Covenant HealthCare.

Doc. Ent. 12 at 8-9.[12]

      Finally, defendant Schuette states:

      Under the facts alleged in this complaint, the Plaintiff alleges only that Defendant Schuette was "an officer" or a "Sheriff's Deputy." There are no facts to support that assertion and certainly the conclusory allegation that he is a "Saginaw Sheriff's Deputy" does not meet the threshold necessary to survive a motion to dismiss. It is clear that under § 1983, merely providing assistance to the police, which is the most that can be said about this particular set of allegations, does not convert a private actor into a state actor for purposes of § 1983.

Doc. Ent. 12 at 9.

**4.** "In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists." *Williams v. Corrections Corp. of America*, 2011 WL 795012, 5 (M.D. Tenn. 2011) (Brown, M.J., report and recommendation) (citing *Erickson v. Pardus*, 550 U.S. 89 (2007)).

      The only matters plaintiff has filed in this case are his November 30, 2010 complaint

---

[12]Plaintiff's prayer for relief regarding his retaliation claim seeks protection for plaintiff from the Saginaw Police Department, the Saginaw County Sheriff's Office, and the MSP, because "they have a vindictive nature because of [the May 2, 2009 incident] which has bled into other fabricated evidence and false arrest by other Saginaw agencies[,] mainly [the Saginaw Police Department]." Plaintiff alleges that the Saginaw Police Department is a sister agency to the MSP. Plaintiff contends that these agencies "are in accord[a]nce with each other[,] a tightly knit brotherhood if you will." According to plaintiff, "[t]heir motives and actions are dec[ei]tfully manipulating, and they use extremely unethical tactics to cover their tracks while also adopting one another's [retaliation] targets." According to plaintiff, "the two agencies help each other in [retaliating] on each other's victims of [retaliation]." Plaintiff contends this has caused him great problems after the May 2, 2009 incident. Doc. Ent. 1 at 7.
      This report does not construe this argument as alleging that Schuette and/or Covenant were private actors who conspired with state actors and, therefore, should be held accountable under 42 U.S.C. § 1983.

(Doc. Ent. 1), his same-day application to proceed without prepayment of fees (Doc. Ent. 2)[13] and his January 3, 2011 motion to compel SCJ to comply with Judge James Harvey's final judgment and permanent injunction in *O'Bryan v. Saginaw County, Mich.*, No. 75-10075, 446 F.Supp. 436 (E.D. Mich. 1978) (Doc. Ent. 8).

In his November 30, 2010 complaint, plaintiff alleges that Schuette participated in Ketchum's 4 point restraint to a hospital bed in Covenant Hospital's Emergency Room. Doc. Ent. 1 at 3. Plaintiff also claims that Schuette participated in plaintiff's brutal torture, beating and choking at Covenant Hospital, and specifically alleges that Schuette "[p]unch[ed] [Ketchum] in the face as well as other inflictions of pain administered." According to plaintiff, he "was rendered uncon[s]cious during the latter part of [the] brutal assault." Doc. Ent. 1 at 5.

Even if these allegations are true, by Schuette's motion (Doc. Ent. 12 at 1-10), his affidavit (Doc. Ent. 12-3) and Bauer's affidavit (Doc. Ent. 12-4), defendant Schuette has shown he was not a state actor during the incident(s) which underlie plaintiff's complaint. Therefore, in the absence of a response from plaintiff,[14] the Court should conclude that Schuette is entitled to dismissal under Fed. R. Civ. P. 12(b)(6), grant defendant Schuette's motion to dismiss, and dismiss plaintiff's 42 U.S.C. § 1983 claims against defendant Schuette.

---

[13] Magistrate Judge Whalen granted this application on December 3, 2010. Doc. Ent. 4.

[14] To be sure, plaintiff's December 23, 2010 letter contends that plaintiff is being denied access to the courts by Sergeant Anderson. And, plaintiff's January 3, 2011 motion to compel SCJ to comply with Judge James Harvey's final judgment and permanent injunction in *O'Bryan v. Saginaw County, Mich.*, No. 75-10075, 446 F.Supp. 436 (E.D. Mich. 1978), does allege that he cannot pursue the instant case (Case No. 2:10-cv-14749-TLL-PJK) or his other case in this Court (Case No. 4:10-cv-14976-MAG-MJH) "due to the officials at the [SCJ], and their inability to respect [his] constitutional right to access the courts[.]" Doc. Ent. 8 at 6.
    The December 23, 2010 letter and plaintiff's January 3, 2011 motion (Doc. Ent. 8) are discussed in my order entered this date.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated:7/26/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 26, 2011.
>
> s/Eddrey Butts
> Case Manager