UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WAYNE KETCHUM, JR.,

                                           CASE NO. 1:10-CV-14749
                 Plaintiff,      JUDGE THOMAS L. LUDINGTON
                                           MAGISTRATE JUDGE PAUL J. KOMIVES
v.

RANDY KHAN,
JOSEPH MCMILLAN,
JESSICA WELTON,
JEFFREY WERDA and
PHILLIP SCHUETTE,

                 Defendants,
_____/

## ORDER CONDITIONALLY GRANTING PLAINTIFF'S JULY 31, 2014 RENEWED MOTION FOR THE APPOINTMENT OF COUNSEL (Doc. Ent. 51)

**A.    A Portion of Plaintiff's Complaint Has Survived Summary Judgment.**

David Wayne Ketchum, Jr. (#579069) is currently incarcerated at the Alger Correctional Facility (LMF) in Munising, Michigan. On November 30, 2010, while incarcerated at the Saginaw County Jail (SCJ), Ketchum filed the instant prisoner civil rights complaint pro se against Michigan State Police (MSP) Troopers Randy Khan, Joseph McMillan, Jessica Welton and Jeffrey Werda,[1] as well as Phillip Schuette. Doc. Ent. 1 at 1, 4.[2]

By way of Judge Ludington's August 17, 2011 order (Doc. Ent. 22), plaintiff's claims against defendant Schuette were dismissed. More recently, on January 3, 2014, Werda was

---

[1] *See* Doc. Ent. 17 (Suggestion of Death).

[2] Schuette identifies himself as a Covenant HealthCare security guard. Doc. Ent. 12 at 6.

terminated as a defendant, based upon the April 25, 2011 suggestion of death filed by Khan, McMillan and Welton, which represented that Werda had died on April 6, 2011 (Doc. Ent. 17).

Furthermore, on July 18, 2014, Judge Ludington entered an opinion and order (Doc. Ent. 50) which granted in part and denied in part Khan, McMillan and Welton's August 30, 2013 motion for summary judgment (Doc. Ent. 27) and dismissed defendant Werda. In so doing, Judge Ludington specifically ordered that Ketchum's claims for illegal search, illegal arrest and retaliation were dismissed with prejudice. Doc. Ent. 50 at 11.

Thus, the only active defendants are Khan, McMillan and Welton and the only active claim is excessive force.

**B.      Plaintiff has filed a renewed motion to appoint counsel.**

On July 26, 2011, I entered an order (Doc. Ent. 21) denying without prejudice plaintiff's December 23, 2010 request for the appointment of counsel (Doc. Ent. 18). Then, on January 14, 2014, I entered an order (Doc. Ent. 41) denying without prejudice plaintiff's December 23, 2013 motion for appointment of counsel (Doc. Ent. 36).[3] My order specifically provided, "[p]laintiff may renew this request if his case survives dispositive motion practice and proceeds to trial, or if other circumstances warranting the appointment of counsel arise." Doc. Ent. 41 at 3.

Currently before the Court is plaintiff's July 31, 2014 motion "to renew motion for appointment of counsel filed on December [23], 2013[.]" Doc. Ent. 51, which this order simply construes as a renewed motion for the appointment of counsel. Citing the Court's January 14,

---

[3]Plaintiff's December 23, 2013 motion for appointment of counsel was lengthy. *See* Doc. Ent. 36 at 1-3 (Motion), Doc. Ent. 36 at 4-20 (Statement of Facts), Doc. Ent. 36 at 21-28 (Legal Argument) and Doc. Ent. 36 at 29-100 (Exhibits). Therein, plaintiff requested that the Court "appoint an attorney to represent him in this matter." Doc. Ent. 36 at 3; *see also* Doc. Ent. 36 at 28.

2014 order (Doc. Ent. 41) and July 18, 2014 opinion and order (Doc. Ent. 50), plaintiff renews his motion for the appointment of counsel.  Doc. Ent. 51 at 3.

In sum, Judge Ludington's July 18, 2014 order (Doc. Ent. 50), which did not dismiss plaintiff's excessive force claims, determined that plaintiff's excessive force claims survived summary judgment.  Therefore, the condition of claims surviving dispositive motion practice, as discussed in my January 14, 2014 order (Doc. Ent. 41), has been satisfied and renders appropriate the timing of plaintiff's July 31, 2014 renewed motion for the appointment of counsel (Doc. Ent. 51).

Upon consideration, plaintiff's July 31, 2014 renewed motion for the appointment of counsel (Doc. Ent. 51) is conditionally granted.

**C.     Order**

Accordingly, plaintiff's July 31, 2014 renewed motion for the appointment of counsel (Doc. Ent. 51) is CONDITIONALLY GRANTED.  This case will be referred to the Court's *pro bono* program administrator.  If an attorney is found who will agree to represent plaintiff in this case, an order of appointment will be entered.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: September 4, 2014           s/Paul J. Komives
                                   PAUL J. KOMIVES
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September

8, 2014, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Paul J. Komives