UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WAYNE KETCHUM, JR.,

        Plaintiff,              Case No. 1:10-cv-14749
                                Judge Thomas L. Ludington
                                Magistrate Judge Anthony P. Patti

v.

RANDY KHAN,
JOSEPH MCMILLAN,
JESSICA WELTON,
JEFFREY WERDA and
PHILLIP SCHUETTE,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MARCH 23, 2015 MOTION FOR DISCOVERY / APPOINTMENT OF COUNSEL TO OBTAIN EXPERT SERVICES (DE 55)

**A.**    **Current Procedural Posture: A Portion of Plaintiff's November 30, 2010 Complaint Has Survived Summary Judgment.**

David Wayne Ketchum, Jr. (#579069) is currently incarcerated at the

Michigan Department of Corrections (MDOC) Muskegon Correctional Facility

(MCF).   He is serving a sentence imposed on January 17, 2012 for several February

28, 2010 offenses.   *See* www.michigan.gov/corrections, "Offender Search;" Case

No. 10-034184-FC (Saginaw County); *see also* DE 27-6.

1

On November 30, 2010, while incarcerated at the Saginaw County Jail (SCJ),
Ketchum filed the instant prisoner civil rights complaint pro se against Michigan
State Police (MSP) Troopers Randy Khan, Joseph McMillan, Jessica Welton and
Jeffrey Werda, as well as Phillip Schuette.   DE 1 at 1, 4.[1]   The facts underlying
Plaintiff's complaint are alleged to have taken place on May 2, 2009 at Covenant
Hospital in Saginaw, Michigan.   *See* DE 1 at 3, 5-6.[2]

On April 25, 2011,   Khan, McMillan and Welton filed a suggestion of
death, which represented that Werda had died on April 6, 2011 (DE 17).   By way
of Judge Ludington's August 17, 2011 order (DE 22), Plaintiff's claims against
Defendant Schuette were dismissed.

Furthermore, on July 18, 2014, Judge Ludington entered an opinion and
order (DE 50) which granted in part and denied in part Khan, McMillan and
Welton's August 30, 2013 motion for summary judgment (DE 27) and dismissed
Defendant Werda, in recognition of the much earlier filed suggestion of his death

---

[1]Schuette identifies himself as a Covenant HealthCare security guard on the date and
time at issue.   DE 12 at 6.

[2]On December 15, 2010, Plaintiff filed another lawsuit against several Saginaw
County defendants and a City Manager.   This case concerned alleged violation of
the permanent injunction set forth in *O'Bryan v. Saginaw County, Mich.*, 446
F.Supp. 436 (E.D. Mich. 1978) (Harvey, J.).   Plaintiff's case was dismissed with
prejudice on September 6, 2011.   *See* Case No. 4:10-cv-14976-MAG-MJH (E.D.
Mich.).

2

(see DE 50 at 1 n.1, DE 50 at 4).[3]   In so doing, Judge Ludington specifically

ordered that Ketchum's claims for illegal search, illegal arrest and retaliation were

dismissed with prejudice.   DE 50 at 11.

Thus, the only active defendants are Khan, McMillan and Welton and the

only active claim is excessive force.[4]   Presently before the Court is Plaintiff's

March 23, 2015 Motion for Discovery/Appointment of Counsel to Obtain Expert

Services.   DE 55.

**B.    The Portion of Plaintiff's Motion Which Seeks the Appointment of
Counsel is Denied as Moot[5]**

On July 26, 2011, the Court entered an order (DE 21) denying without

prejudice Plaintiff's July 21, 2011 request for the appointment of counsel (DE 18).

Then, on January 14, 2014, the Court entered an order (DE 41) denying without

prejudice Plaintiff's December 23, 2013 motion for appointment of counsel (DE

---

3 Judge Ludington specifically stated, "On April 25, 2011, Kahn, McMillan, and
Welton filed a suggestion of death pursuant to Federal Rule of Civil Procedure 25,
notifying the interested parties of Trooper Werda's death.   *See* Suggestion of Death,
ECF No. 17. As of today's date, Ketchum has not filed a motion for
substitution under Rule 25(a)(1)."   DE 50 at 4.

4 This case was originally assigned to Judge Cohn and Magistrate Judge Komives.
DE 1.   Judge Cohn referred the case to Magistrate Judge Komives for pretrial
matters.   DE 6.   On April 13, 2011, the case was transferred to the Northern
Division (DE 14) and assigned to Judge Ludington. On January 13, 2015, this case
was reassigned from Magistrate Judge Komives to me.

5 Plaintiff specifies in this motion that his preferred appointed attorney would be
"counsel from the Feiger Firm…."

3

36).

The Court's July 18, 2014 order (DE 50) followed, determining that Plaintiff's excessive force claim survived summary judgment.   Thus, on September 4, 2014, the Court entered an order (DE 52) conditionally granting his July 31, 2014 renewed motion for the appointment of counsel (DE 51). Plaintiff's instant motion for appointment of counsel is therefore moot, as it has been ruled upon and granted previously.[6]

## C.   The Portion of Plaintiff's Motion which Seeks Discovery is Denied.

In his supporting brief, Plaintiff seeks the video of the May 2, 2009 assault against him at Covenant Health Care in Saginaw County.   DE 55 at 11-12; *see also* DE 55 at 9 ¶ 46.   He also seeks the depositions / affidavits of Covenant Health Care employees Doctor Tori Snyder, Nurse Jessica House, Nurse Penney Rosenblad and Misty Maclennan, who allegedly witnessed the event, by an

---

[6] Plaintiff's earlier request for appointment of counsel was granted *conditionally* because, strictly speaking, the Court does not have the authority to appoint a private attorney for a party in a civil matter.   Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court **may request** an attorney to represent any person unable to afford counsel."   28 U.S.C. § 1915(e)(1) (emphasis added).   However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)."   *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

investigator who is aware of the law enforcement climate in Saginaw.   DE 55 at

13-14; *see also* DE 55 at 9 ¶¶ 45-46.   Finally, Plaintiff seeks to compare the May

2, 2009 video with the June 22, 2009 preliminary examination testimony of Jessica

Welton (DE 27-5 at 10-21),[7] the April 7, 2010 preliminary examination testimony

of Joseph McMillan (DE 27-5 at 27-35), the August 28, 2013 affidavit of MSP

Trooper McMillan (DE 27-2) and the August 29, 2013 affidavit of MSP Trooper

Welton (DE 27-4).   DE 55 at 15-18; *see also* DE 55 at 7-9 ¶¶ 34-37, 44.

Plaintiff's March 25, 2014 affidavit (DE 55 at 20-28) also mentions retrieval of his

medical records.   DE 55 at 25 ¶ 37.   All of these references to desired discovery

appear to be given as supporting reasons for why he believes it is necessary for him

to have counsel. See DE 55 at 19. As explained earlier, his request for counsel is

DENIED as moot.

Moreover, to the extent that he is otherwise, independently, requesting

*discovery,* it is likewise DENIED on several bases. First, the discovery deadline

passed almost two years ago.[8]   Even if Plaintiff was not aware of this deadline, it

is not clear why he waited until this late hour to seek the above-mentioned

---

[7] Plaintiff also claims that McMillan's June 22, 2009 preliminary examination
testimony is missing from the record.   DE 55 at 7 ¶ 34; *see also* DE 55 at 15.
[8] The Court's May 22, 2013 scheduling order set the discovery deadline for July 29,
2013.   DE 24.   The copy of this order mailed to Plaintiff at the Saginaw County Jail
was returned as undeliverable.   DE 25.

discovery.    Second, it is not clear that Plaintiff has acted in accordance with the

Federal Rules of Civil Procedure or the Local Rules of this Court, such as E.D.

Mich. LR 37.2 ("Form of Discovery Motions"), Fed. R. Civ. P. 30 ("Depositions

by Oral Examination"), Fed. R. Civ. P. 31 ("Depositions by Written Questions") or

Fed. R. Civ. P. 34.    Moreover, if the relief Plaintiff seeks is not available by way

of Fed. Rules Civ. P. 26-37, the instant motion does not appear to request the

issuance of a subpoena(s) by way of Fed. R. Civ. P. 45.[9]

## D. To the Extend Made, any Request to Reinstate Defendants Werda and Schuette is DENIED.

Plaintiff also makes some reference to having the Court bring certain

previously dismissed defendants back into the case. Noting that Schuette was a

defendant, Plaintiff claims SCJ jailers retaliated against Plaintiff, such as by failing

to mail Plaintiff's legal pleadings.    DE 55 at 6 ¶ 25.    Plaintiff further claims that

SCJ jailers did not deliver Schuette's February 2011 motion to dismiss (DE 12) or

the April 2011 suggestion of death as to Defendant Werda (DE 17); thus, Plaintiff

claims that he did not get the opportunity to substitute Defendant Werda with

Werda's estate's representative or to file a response to the dispositive motion in

---

[9]Plaintiff mistakenly believes that persons in state custody are prohibited from exercising deposition and discovery court rules without assistance from counsel. DE 55 at 11-12.   Fed. R. Civ. P. 26(a)(1)(B)(vi) exempts pro se prisoners from *initial disclosure*.

advance of the Court's August 17, 2011 order (DE 22).    DE 55 ¶¶ 26, 27, 29, 30

& 38.    He claims the affidavits attached to the August 30, 2013 dispositive

motion (DE 27) are false.    DE 55 ¶¶ 33, 38.    Plaintiff desires to "reinstitute

defendants Werda and Schuette back into this litigation" (DE 66 at 6 ¶ 28), yet

does not include such a request in either the title to this motion or in his prayer for

relief.

To the extent that this motion requests the re-inclusion of Defendants Werda

and Schuette as parties, the request is DENIED.    As previously discussed, the

Court's August 17, 2011 order (DE 22) dismissed Plaintiff's claims against

Defendant Schuette, and the Court's July 18, 2014 order (DE 50) dismissed

Plaintiff's claims against Defendant Werda; thus, the time has long since passed

for reconsidering the Court's prior dismissals of these former defendants.    *See*

E.D. Mich. LR 7.1(h)(1) ("Motions for Rehearing or Reconsideration.").

Moreover, Plaintiff has failed to demonstrate any of the grounds for relief from an

order under Rule 60.

**E.    Order**

Accordingly, Plaintiff's March 23, 2015 motion (DE 55) is DEEMED

MOOT, to the extent it requested the appointment of counsel, because such relief

was conditionally granted by this Court on September 4, 2014 (DE 52).    The

Court's pro bono program administrator is attempting to recruit counsel. Should an attorney agree to take Plaintiff's case pro bono, the Court will enter an order of appointment of counsel.

In the meantime, the motion (DE 55) is DENIED to the extent it seeks discovery in the form of (1) a copy of the video of the May 2, 2009 incident at Covenant Hospital in Saginaw County, Michigan, (2) his medical records and (3) the depositions of non-party witnesses Dr. Tori Snyder, Nurse Jessica House, Nurse Penney Rosenblad and Misty Maclennan, each of whom is employed by Covenant Health Care.

In addition, the motion (DE 55) is DENIED to the extent it seeks appointment of an expert, forensic or otherwise. By way of example, the title of Plaintiff's motion includes the phrase, "Expert Services." DE 55 at 1. Moreover, Plaintiff's requests include appointment of a forensic computer scientist (*see* DE 55 at 11) and a forensic expert (*see* DE 55 at 15). Yet, the section of Plaintiff's motion labeled, "Relief Sought," *see* DE 55 at 19, does not include a request for appointment of an expert. Fed. R. Civ. P. 7(b)(1)(C).[10] Also, as noted above, the discovery deadline passed some time ago. *See* DE 24. In addition, Plaintiff's has not shown "exceptional circumstances under which it is

---

[10] "A request for a court order must be made by motion. The motion must: . . . (C) state the relief sought." Fed. R. Civ. P. 7(b)(1)(C).

impracticable for the party to obtain facts or opinions on the same subject by other means."   Fed. R. Civ. P. 26(b)(4) ("*Trial Preparation: Experts*."), Subsection (D)(ii).

Finally, the motion (DE 55) is DENIED to the extent it seeks reinstatement of defendants Jeffrey Werda and Phillip Schuette.   Plaintiff's suggestion that he was not "provided [with a copy of] the motion to dismiss filed by Schuette"(DE 12) is belied by his March 25, 2014 attestation that SCJ C/O Vincent Jackson threw away Plaintiff's response to that very motion.   *Compare* DE 55 at 6 ¶ 30; at 8 ¶ 38; and, at 26 ¶ 44.   These statements are inconsistent, because one suggests he never received Schuette's motion to dismiss (*see*, *i.e.*, DE 55), while the other suggests that he actually prepared a response to the motion that he never received and that his response was thrown away.   Moreover, Magistrate Judge Komives's July 26, 2011 report and recommendation (DE 19 at 4 n.7) cited the notification of Werda's death (DE 17), and Plaintiff did not file objections to this report and recommendation.   Thereafter, Judge Ludington entered his August 17, 2011 order (DE 22) adopting the July 26, 2011 report and recommendation (DE 19) and granting Schuette's February 4, 2011 dispositive motion (DE 12).   Subsequenty, Judge Ludington entered his July 18, 2014 order (DE 50), adopting Magistrate Judge Komives's February 27, 2014 report and recommendation (DE 43),

overruling objections (DE 44, DE 47),[11] granting in part and denying in part

Defendants' McMillan, Khan and Welton's August 30, 2013 motion for summary

judgment (DE 27), and dismissing Defendant Werda.

Accordingly, the instant motion is DENIED in all respects.

**IT IS SO ORDERED.**

/s/Anthony P. Patti
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Dated:   May 15, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Acting Case Manager, in the absence
of Michael Williams

---

[11] Magistrate Judge Komives's February 27, 2014 report specifically recommended, "pursuant to FED. R. CIV. P. 25(a)(1), the Court should dismiss plaintiff's claims against defendant Werda based on defendant Werda's death and plaintiff's failure to move for substitution of a proper successor party."   DE 43 at 1-2.   Thus, Plaintiff's April 14, 2014 (DE 47) objections were his opportunity to object to the dismissal of the claims against Werda.   Plaintiff did not do so.   Therefore, any such objection has been waived.