UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WAYNE KETCHUM, JR.,

    Plaintiff,

v.

RANDY KHAN,
JOSEPH MCMILLAN,
JESSICA WELTON,
JEFFREY WERDA and
PHILLIP SCHUETTE,

    Defendants.

Case No. 1:10-cv-14749
Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

_____/

# ORDER STRIKING PLAINTIFF'S
# MAY 8, 2014 (DE 48) & DECEMBER 1, 2014 (DE 54) LETTERS

**A.**    **Plaintiff's Letters to the Court are not Pleadings.**

Among Plaintiff's various filings in this case are four (4) letters. DE 23, 26, 48 & 54. Under the Federal Rules of Civil Procedure, letters are not pleadings. Permissible pleadings include (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a) ("Pleadings."). Letters are also not motions. *See* Fed. R. Civ. P. 7(b)

1

("Motions and Other Papers.").

Nonetheless, the letter dated December 23, 2010 (DE 23) was addressed in the Court's July 26, 2011 order (DE 21). Plaintiff's August 2013 letter (DE 26) was cited in the Court's October 30, 2013 order (DE 34 at 3). While the Court is not obligated to address Plaintiff's latter two letters, these items do merit some very brief comment.

**1.    Plaintiff's 14-page letter written from the St. Louis Correctional Facility(SLF) dated May 5, 2014 and filed on May 8, 2014 (DE 48)**

Generally, this letter complains of the conditions of confinement at SLF, among which are alleged violations of his access to courts (such as an inadequate law library, missing a state court deadline, hampering his ability to litigate, disappearing or discarded law library materials, trouble getting photo copies, too little time for computer research of adequate federal law, inadequate grievance procedure, risk of tampering with outgoing legal mail, typewriter issues, non-existent legal assistance, the actions of librarians Bugbee/Bugby and VanCastell/Castell),[1] retaliation (such as two threats on his life, false misconduct

---

[1] Among other things, Plaintiff specifically mentions a petition for a writ of habeas corpus (DE 48 at 4), which perhaps would become Case No. 2:14-cv-13507-PJD-DRG (E.D. Mich.), filed on September 9, 2014, or Case No. 2:15-cv-10763-SJM-MKM (E.D. Mich.), filed on February 27, 2015. DE 48 at 4, 10 & 11. He also mentions Detective Andrew Carlson, who appears to have been an officer in the Saginaw Police Department's investigation of a February 28, 2010

reports, harassment, denial of law library attendance, confinement in an area of SLF that is not consistent with his medium security classification, attempted interference with Plaintiff's role as the law library committee representative), and, disclosure of confidential legal work and employment of officials "that are directly colluded with the individuals involved in [Plaintiff's] wrongful conviction."

To the extent Plaintiff is complaining about the conditions at SLF, he has since been transferred from SLF to another MDOC correctional facility. Thus, any requests by Plaintiff for injunctive or declaratory relief concerning his time at SLF are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("Colvin's requests were directed specifically at LMF's policies and procedures and were not targeted at the MDOC kosher-meal program as a whole.").

To the extent, if at all, Plaintiff seeks the Court's assistance with Plaintiff's "plans to create a statewide correction of this oppressive centralized policy that is causing prisoners to be defeated in their individual litigation[,]" DE 48 at 13, the undersigned's jurisdiction is limited to the issues contained in the case at bar.

---

incident involving victim Tanna Leigh Emerson. DE 48 at 9 & 11; *see also* DE 1-4 at 1-4 & 25-26 in Case No. 2:15-cv-10763-SJM-MKM.

## 2. Plaintiff's 10-page letter written from MCF dated November 18 & 20, 2014 and filed on December 1, 2014 (DE 54)

Here, Plaintiff mentions having experienced difficulty with Alger Correctional Facility (LMF) library staff. DE 54 at 1. Plaintiff mentions Judge Duggan's October 30, 2014 order (DE 5) closing his habeas Case No. 2:14-cv-13507-PJD-DRG (E.D. Mich.), and the need and desire to file a petition for writ of habeas corpus, presumably the one filed on February 27, 2015, regarding which judgment was entered on April 14, 2015 (Case No. 2:15-cv-10763-SJM-MKM (E.D. Mich.)). DE 54 at 2; *see also* DE 54 at 5 ¶ 6. He then proceeds to discuss his state court case, including an allegation that excerpts and sentences are missing from the typed transcripts. DE 54 at 3-6. Moreover, Plaintiff contends that Detective Andrew Carlson of the Saginaw Police Department tampered and falsified evidence in Plaintiff's case; Detective Carlson was fired for fabricating evidence in other cases; and men who were victims of Andrew Carlson's corruption have been released from custody. DE 54 at 5 ¶ 5, DE 54 at 6, DE 54 at 9. Plaintiff also cites 18 U.S.C. § 3599 ("Counsel for financially unable defendants"), claiming he is in desperate need of counsel to help prepare a petition for writ of habeas corpus and motion for evidentiary hearing, and seeks forms from the Court to request such representation. DE 54 at 5, 7-8, 10. Plaintiff claims that, after writing to the Court regarding access to courts

deprivations, he was transferred.[2] Plaintiff claims the case at bar (1:10-cv-14749-TLL-APP), which concerns the alleged events of May 2, 2009 at Covenant Hospital in Saginaw, is associated with his state court conviction for offenses which occurred on February 28, 2010 (Case No. 10-034184-FC (Saginaw County)). DE 54 at 8. Plaintiff seems to allege that, after searching for a lawyer to seek redress for the events of May 2, 2009, he was falsely arrested and framed for the February 28, 2010 assault on Tanna Emerson. Moreover, he seems to claim that it was somehow suggested that the false charges would be dismissed if he forgot about the May 2, 2009 video.[3] In addition, he cites 18 U.S.C. § 241 ("Conspiracy against rights") and 18 U.S.C. § 242 ("Deprivation of rights under color of law"). DE 54 at 9. Furthermore, Plaintiff appears to be concerned about filing a 28 U.S.C. § 2254 petition for writ of habeas corpus or requesting an evidentiary hearing, because the prison could be placed on lock down, which would affect his ability to prosecute his case. DE 54 at 10.

---

[2] Here, the Court notes Plaintiff's notices of change of address/contact information, filed on July 10, 2014 and November 17, 2014. DE 49 (from SLF to LMF), DE 53 (from LMF to MCF).

[3] Plaintiff expands upon this claim in his March 25, 2014 affidavit. DE 55 at 27-28 ¶¶ 49-54.

**B.     Discussion**

Plaintiff's letters will be stricken from the record.    For one thing, in its July 26, 2011 order, this Court discussed the proper form of a motion and filing a request *in an appropriate case*.    DE 21 at 5-6.    Moreover, during the course of this case, Plaintiff has filed six (6) motions.    See DEs 8, 18, 33, 36, 45 and 55.    Thus, he is aware of the proper and required method for bringing his requests to this Court.

**C.     Order**

Upon consideration, the Clerk of the Court is DIRECTED to strike from the record Plaintiff's letters filed on May 8, 2014 and December 1, 2014 (DE 48 and 54).

Plaintiff is CAUTIONED that any relief sought by way of a letter which has not already been addressed by the Court should be properly presented to the Court *in an appropriate case*, *e.g.,* a habeas corpus case or a prisoner civil rights case,[4] in the form of a motion which comports with the Federal Rules of Civil Procedure and the Local Rules of this Court, particularly E.D. Mich. LR 5.1 ("Filing of

---

4 As noted above, Plaintiff David Ketchum is a party to other cases in this Court: Case No. 2:14-cv-13507-PJD-DRG (E.D. Mich.) (habeas corpus), Case No. 2:15-cv-10763-SJM-MKM (E.D. Mich.) (habeas corpus), and Case No. 1:10-cv-14749-TLL-APP (prisoner civil rights).    Plaintiff David Ketchum is also a party to Case No. 4:10-cv-14976-MAG-MJH (prisoner civil rights).

Papers") and E.D. Mich. LR 7.1 ("Motion Practice").  Plaintiff is FURTHER CAUTIONED that, as the undersigned's Practice Guidelines regarding pro se prisoner and habeas corpus cases provide, "Letters to the Court are not pleadings and will be returned."  If such a letter happens to be filed, it will be stricken; if sent to Chambers directly, it will be returned.

**IT IS SO ORDERED.**

/s/Anthony P. Patti  
ANTHONY P. PATTI  
UNITED STATES MAGISTRATE JUDGE

Dated:  May 15, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Acting Case Manager, in the absence  
of Michael Williams