UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID KETCHUM,

           Plaintiff,                            Case No. 10-cv-14749

v.                                                    Honorable Thomas L. Ludington

RANDY KHAN, et al.,

           Defendants.

_____/

**ORDER DIRECTING RESPONSE BRIEF FROM PLAINTIFF DAVID KETCHUM, DIRECTING SERVICE, AND SUSPENDING SCHEDULING ORDER**

On February 27, 2014, Magistrate Judge Paul J. Komives issued a Report recommending that the motion for summary judgment filed by Defendants Werda, Welton, McMillan, and Khan be granted in part and denied in part. *See* Rep. & Rec., ECF No. 43. Judge Komives further recommended that all claims against Defendants be dismissed except for Plaintiff Ketchum's excessive force claim. *Id*. at 22. Judge Komives also recommended dismissing Defendant Werda in his entirety. *Id*. The Court adopted Judge Komives Report and overruled the parties' objections to it. *See* July 18, 2014 Op. & Order, ECF No. 50.

After ruling on the parties' motions for summary judgment, all that remained was a triable issue concerning Ketchum's excessive use of force claim. Judge Komives had previously instructed Ketchum, in response to a motion for appointment of counsel, that if Ketchum's case "survives dispositive motion practice and proceeds to trial" Ketchum could renew his request for counsel. *See* January 14, 2014 Order, ECF No. 41. Following the Court's July 18, 2014 Opinion and Order, Ketchum renewed his request for counsel. *See* Pl.'s Mot. to Renew Mot. to Appoint Counsel, ECF No. 51. Judge Komives conditionally granted Ketchum's renewed motion and

referred the matter to the Court's *pro bono* program administrator. *See* September 4, 2014 Order, ECF No. 52. Ketchum's motion was granted on the condition that an attorney in the Court's *pro bono* program would accept appointment as his counsel. *Id*.

The task of locating willing counsel for Ketchum took significant time. While counsel was being sought, Ketchum filed a motion renewing his request for counsel and requesting other forms of relief, such as certain discovery and the reinstatement of dismissed Defendants. *See* Pl.'s Mot. for Disc. & Appoint. of Counsel, ECF No. 55. Also while counsel was being sought, this case was reassigned from Judge Komives to Magistrate Judge Patti. *See* January 13, 2015 Text Order. Judge Patti denied Ketchum's motion. *See* May 15, 2015 Order, ECF No. 56. Judge Patti also struck two letters that Ketchum filed on the docket. *See* May 15, 2015 Order, ECF No. 57.

Eventually, willing counsel was located and Attorneys Matthew J. Lund and Brett Gelbord from the firm Pepper Hamilton, LLP, were appointed to represent Ketchum. *See* June 22, 2015 Order of Assignment of Counsel, ECF No. 58. After appointing counsel, the Court scheduled a telephonic status conference with counsel for both parties. The parties agreed to reset the scheduling order in this matter, which included reopening discovery and allowing the parties another opportunity to file dispositive motions. A new case management and scheduling order was issued on July 31, 2015. *See* Case Management and Scheduling Order, ECF No. 60.

On October 6, 2015, Kay Kress, a corporate restructuring and bankruptcy partner at Pepper Hamilton made an appearance on the docket on behalf of Ketchum. See Not. of Appearance, ECF No. 61. For the next month, the docket was quiet. Then, on September 10, 2015, Ketchum, acting pro se, filed a "motion to prevent co-counsel Kay Kress from assisting in this case." *See* Pl.'s Mot., ECF No. 64. Ketchum claims in his motion that he "does not agree

with the interpretation of Ms. Kress's understanding of the representation agreement or 'Terms of Engagement.'" *Id*. He takes issue with the fact that "[t]he terms of engagement is placed in vauge terms, in respects to appeals being filed on arbitrary or otherwise wrongful denials to motions and pleading's while the case is active." *Id*. (sic throughout). Further, he feels that "Ms. Kress has displayed a lack of zealousness in her ambition to represent" him and that he has "lost faith in Ms. Kress's ability to provide adequate representation." *Id*. This is in part, he explains, because Attorney Kress "has provided ill advise [sic] on particular matters concerning motions and appeals thereof." *Id*. Finally, Ketchum observes that "Ms. Kress was not named on the Court's order appointing counsel." *Id*.

After Ketchum filed his motion, Judge Patti directed counsel for Ketchum to respond to his contentions and "explain[] Attorney Kay Kress's role and prospective role in this matter." September 18, 2015 Order, ECF No. 65. Judge Patti directed counsel for Ketchum to respond by October 2, 2015. *Id*. Judge Patti also directed Ketchum himself to respond after having an opportunity to review his counsel's explanation for Attorney Kress's involvement in the case. Judge Patti directed Ketchum to file a brief "inform[ing] the Court whether his position on this issue has changed or be modfied [sic], and if not, why not; if so, why so." *Id*. Ketchum was to respond by October 16, 2015.

Ketchum's counsel timely filed their response. *See* Resp., ECF No. 67. In conjunction with that response, they filed a motion to withdraw as counsel for Ketchum. *See* Mot. Withdraw, ECF No. 66. Ketchum's counsel explained in their response and motion that Attorney Kress was assisting the appointed attorneys from Pepper Hamilton in "prosecuting plaintiff's claims, in communicating with the client, in initiating discovery, and in taking other action necessary to comply with the Court's Case Management and Scheduling Order." *Id*. at 6. They further

explained that "Pepper Hamilton operates as a firm, and it views the firm as counsel to its clients." Id. at 7. Thus, it is standard practice for the firm to have non-appointed attorneys appear in and work on cases where other attorneys at the firm have been appointed. Attorney Kress was operating in such a role.

Based on the fact of Ketchum's motion and the issues raised therein, his counsel feels that they should be permitted to withdraw. They note in their motion to withdraw that there are fundamental disagreements between them and Ketchum "regarding the strategy to be employed in pursuing [his] claims, and about the scope of Pepper Hamilton's representation." Id. at 8. As reflected in Ketchum's motion, this belief is not unfounded. Pepper Hamilton, through the attorneys that have appeared on behalf of Ketchum, request permission to withdraw as a result of the breakdown of their relationship with Ketchum.

Ketchum did not respond by his deadline of October 16. Two months have passed and still no response has been filed. This may be for any number of reasons. Judge Patti's order was not served on Ketchum directly because he is still represented by counsel. Due to the conflict between Ketchum and his counsel, however, it is possible that the order was not served on him. Irrespective of the reason for why Ketchum has not filed a response, a response from Ketchum is necessary.

Before Ketchum furnishes his response, some things must be made clear to him. First, if Pepper Hamilton is permitted to withdraw its representation of Ketchum, he will not be given another attorney. Ketchum has no right to an attorney in this matter. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). The Court certainly will not expend its resources again to find him additional counsel after he demonstrated an inability to work with his first appointed attorney. Further, if Ketchum returns to pro se representation, the second scheduling order issued in this

case will be vacated and the case will be returned to trial ready status. That is: Ketchum will not have the benefit of the second round of discovery and briefing that he was granted when counsel was appointed. He will proceed directly to trial.

Accordingly, Ketchum should closely consider his conflict with counsel before responding. He has requested counsel on numerous occasions in this case and now has decided to oppose strategic decisions made by the trained lawyers assigned to represent him. If Ketchum believes he knows better, he will have the opportunity to so demonstrate. While Ketchum's attorneys have an ethical obligation to consider the wishes of their client in making strategic decisions, they also have an ethical obligation to act in the client's best interest. *See, e.g.*, Model Rules of Professional Conduct 1.2 (scope of representation), 1.4 (communications with client), & 3.1 (meritorious claims and contentions). If a client's desires and best interests are not aligned, as Ketchum's may not, attorneys may withdraw rather than persist in this conundrum. *Id*. at Rule 1.16.

Ketchum's attorneys, despite the breakdown in communication, are still representing Ketchum. Thus, they will be directed to serve a copy of this order on Ketchum and file a proof of service on the Court's docket. Ketchum may either mail his response to the Clerk of Court, as he did with his motion to withdraw Attorney Kress, or may file it through his attorneys. If Ketchum does not timely respond, his attorneys will be permitted to withdraw and the case will be scheduled for trial.

Accordingly, it is **ORDERED** that Ketchum is **DIRECTED** to file a brief, **on or before February 5, 2016**, in response to his attorneys' motion to withdraw, ECF No. 66, and his attorneys' response to his motion for the withdrawal of Kay Kress, ECF No. 67.

It is further **ORDERED** that Ketchum's attorneys are **DIRECTED** to serve Ketchum, **on or before January 8, 2016**, with a copy of this Order; Judge Patti's September 18, 2015 Order, ECF No. 65; their motion to withdraw, ECF No. 66; and their response to Ketchum's motion, ECF No. 67, and file a proof of service on the docket.

It is further **ORDERED** that the current dates in the Case Management and Scheduling Order, ECF No. 60, are **ADJOURNED**.

Dated: December 18, 2015        s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 18, 2015.

                                s/Michael A. Sian
                                MICHAEL A. SIAN, Case Manager