UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID KETCHUM,

           Plaintiff,           Case No. 10-cv-14749

v.           Honorable Thomas L. Ludington

RANDY KHAN, et al.,

           Defendants.

_____/

**ORDER DENYING MOTION TO PREVENT CO-COUNSEL FROM ASSISTING IN CASE AND DENYING MOTION TO WITHDRAW**

This case concerns an allegation by Plaintiff David Ketchum that he was improperly treated during an arrest by Michigan State Police Troopers. Ketchum has been proceeding pro se until recently, when the Court appointed counsel for him. Now, his court-appointed counsel seeks to withdraw, and he seeks to bar a member of the court-appointed firm from assisting in prosecuting his case.

**I.**

On February 27, 2014, Magistrate Judge Paul J. Komives issued a Report recommending that the motion for summary judgment filed by Defendants Werda, Welton, McMillan, and Khan be granted in part and denied in part. *See* Rep. & Rec., ECF No. 43. Judge Komives further recommended that all claims against Defendants be dismissed except for Plaintiff Ketchum's excessive force claim. *Id*. at 22. Judge Komives also recommended dismissing Defendant Werda in his entirety. *Id*. The Court adopted Judge Komives Report and overruled the parties' objections to it. *See* July 18, 2014 Op. & Order, ECF No. 50.

After ruling on the parties' motions for summary judgment, all that remained was a triable issue concerning Ketchum's excessive use of force claim. Judge Komives had previously instructed Ketchum, in response to a motion for appointment of counsel, that if Ketchum's case "survives dispositive motion practice and proceeds to trial" Ketchum could renew his request for counsel. *See* January 14, 2014 Order, ECF No. 41. Following the Court's July 18, 2014 Opinion and Order, Ketchum renewed his request for counsel. *See* Pl.'s Mot. to Renew Mot. to Appoint Counsel, ECF No. 51. Judge Komives conditionally granted Ketchum's renewed motion and referred the matter to the Court's *pro bono* program administrator. *See* September 4, 2014 Order, ECF No. 52. Ketchum's motion was granted on the condition that an attorney in the Court's *pro bono* program would accept appointment as his counsel. *Id.*

The task of locating willing counsel for Ketchum took significant time. While counsel was being sought, Ketchum filed a motion renewing his request for counsel and requesting other forms of relief, such as certain discovery and the reinstatement of dismissed Defendants. *See* Pl.'s Mot. for Disc. & Appoint. of Counsel, ECF No. 55. Also while counsel was being sought, this case was reassigned from Judge Komives to Magistrate Judge Patti. *See* January 13, 2015 Text Order. Judge Patti denied Ketchum's motion. *See* May 15, 2015 Order, ECF No. 56. Judge Patti also struck two letters that Ketchum filed on the docket. *See* May 15, 2015 Order, ECF No. 57.

Eventually, willing counsel was located and Attorneys Matthew J. Lund and Brett Gelbord from the firm Pepper Hamilton, LLP, were appointed to represent Ketchum. *See* June 22, 2015 Order of Assignment of Counsel, ECF No. 58. After appointing counsel, the Court scheduled a telephonic status conference with counsel for both parties. The parties agreed to reset the scheduling order in this matter, which included reopening discovery and allowing the

- 3 -

parties another opportunity to file dispositive motions. A new case management and scheduling order was issued on July 31, 2015. *See* Case Management and Scheduling Order, ECF No. 60.

On October 6, 2015, Kay Kress, a corporate restructuring and bankruptcy partner at Pepper Hamilton made an appearance on the docket on behalf of Ketchum. *See* Not. of Appearance, ECF No. 61. Then, on September 10, 2015, Ketchum, acting pro se, filed a "motion to prevent co-counsel Kay Kress from assisting in this case." *See* Pl.'s Mot., ECF No. 64. Ketchum claims in his motion that he "does not agree with the interpretation of Ms. Kress's understanding of the representation agreement or 'Terms of Engagement.'" *Id*. He takes issue with the fact that "[t]he terms of engagement is placed in vauge terms, in respects to appeals being filed on arbitrary or otherwise wrongful denials to motions and pleading's while the case is active." *Id*. (sic throughout). Further, he feels that "Ms. Kress has displayed a lack of zealousness in her ambition to represent" him and that he has "lost faith in Ms. Kress's ability to provide adequate representation." *Id*. This is in part, he explains, because Attorney Kress "has provided ill advise [sic] on particular matters concerning motions and appeals thereof." *Id*. Finally, Ketchum observes that "Ms. Kress was not named on the Court's order appointing counsel." *Id*.

After Ketchum filed his motion, Judge Patti directed counsel for Ketchum to respond to his contentions and "explain[] Attorney Kay Kress's role and prospective role in this matter." September 18, 2015 Order, ECF No. 65. Judge Patti directed counsel for Ketchum to respond by October 2, 2015. *Id*. Judge Patti also directed Ketchum himself to respond after having an opportunity to review his counsel's explanation for Attorney Kress's involvement in the case. Judge Patti directed Ketchum to file a brief "inform[ing] the Court whether his position on this issue has changed or be modfied [sic], and if not, why not; if so, why so." *Id*. Ketchum was to respond by October 16, 2015.

Ketchum's counsel timely filed their response. *See* Resp., ECF No. 67. In conjunction with that response, they filed a motion to withdraw as counsel for Ketchum. *See* Mot. Withdraw, ECF No. 66. Ketchum's counsel explained in their response and motion that Attorney Kress was assisting the appointed attorneys from Pepper Hamilton in "prosecuting plaintiff's claims, in communicating with the client, in initiating discovery, and in taking other action necessary to comply with the Court's Case Management and Scheduling Order." *Id.* at 6. They further explained that "Pepper Hamilton operates as a firm, and it views the firm as counsel to its clients." *Id.* at 7. Thus, it is standard practice for the firm to have non-appointed attorneys appear in and work on cases where other attorneys at the firm have been appointed. Attorney Kress was operating in such a role.

Based on the fact of Ketchum's motion and the issues raised therein, his counsel feels that they should be permitted to withdraw. They note in their motion to withdraw that there are fundamental disagreements between them and Ketchum "regarding the strategy to be employed in pursuing [his] claims, and about the scope of Pepper Hamilton's representation." Id. at 8. As reflected in Ketchum's motion, this belief is not unfounded. Pepper Hamilton, through the attorneys that have appeared on behalf of Ketchum, request permission to withdraw as a result of the breakdown of their relationship with Ketchum.

**II.**

Pepper Hamilton will not be permitted to withdraw, nor will attorney Kay Kress be barred from representing Ketchum. Although both parties have detailed the extent to which open communication between them has deteriorated, they must make another effort at cooperation.

As to Ketchum, he is not entitled to a second chance at a court-appointed attorney. At this stage of the proceedings, Ketchum's request to bar Attorney Kress amounts to a request that

Pepper Hamilton be removed in its entirety. Pepper Hamilton has, so far, competently represented him and has been directed to continue doing so. While disagreements may arise between Ketchum and Pepper Hamilton, Ketchum should take comfort in the fact that he is represented by sophisticated counsel—indeed, an entire firm—with significant experience litigating civil matters.

Additionally, the Court appointed Pepper Hamilton to represent Ketchum for the purposes of these proceedings alone. Pepper Hamilton was not appointed to represent Ketchum on any appeals that may be taken. Ketchum's disagreement with Pepper Hamilton arose when Pepper Hamilton declined to file interlocutory appeals that Ketchum thought were necessary. Interlocutory appeals are complex procedural decisions that are well within the competence of Pepper Hamilton to assess. In any event, Pepper Hamilton was not requested to represent Ketchum on appeal, so the point is moot.

Ultimately, Ketchum and Pepper Hamilton must make an additional effort at cooperating in the representation of Ketchum. As already noted, if the relationship between the two deteriorates significantly then removing Pepper Hamilton may be necessary. But at that point, absent extraordinary circumstances, Ketchum will return to pro se status. Since the case was trial-ready the last time Ketchum was pro se, it will be reset for trial if Ketchum returns to representing himself pro se.

As for now, Ketchum and Pepper Hamilton should make their best efforts to proceed amicably. They both have a duty to do so.

### III.

Accordingly, it is **ORDERED** that Plaintiff David Ketchum's Motion, ECF No. 64, is **DENIED**.

It is further **ORDERED** that Pepper Hamilton LLP's Motion to Withdraw, ECF No. 66, is **DENIED**.

It is further **ORDERED** that the Case Management and Scheduling Order, ECF No. 60, is **AMENDED** as follows:

| | |
|---|---|
| Expert Disclosure, Plaintiff: | **September 2, 2016** |
| Expert Disclosure, Defendant: | **September 30, 2016** |
| Pretrial Disclosures: | **February 6, 2017** |
| Discovery Cutoff: | **November 2, 2016** |
| Settlement Conference: | **October 26, 2016 at 4:00 p.m.** |
| Motions Challenging Experts: | **November 16, 2016** |
| Dispositive Motions: | **December 2, 2016** |
| Motions in limine: | **February 15, 2017** |
| Stipulation for Case Evaluation: | **October 3, 2016** |
| Final Pretrial Order: | **March 15, 2017** |
| Final Pretrial Conference: | **March 22, 2017 at 4:00 p.m.** |
| Trial Date: | **April 4, 2017 at 8:30 a.m.** |

Dated: August 4, 2016

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager