UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID KETCHUM,

        Plaintiff,                       Case No. 10-cv-14749

v.                                           Honorable Thomas L. Ludington

RANDY KHAN, et al.,

        Defendants.

_____/

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL, CANCELLING DATES, SCHEDULING TRIAL AND FOR ISSUANCE OF WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

As articulated in the Court's August 4, 2016, order, this case concerns an allegation by Plaintiff David Ketchum that he was improperly treated during an arrest by Michigan State Police Troopers. Ketchum is asserting an excessive force claim pursuant to 42 U.S.C. § 1983. Ketchum began by proceeding pro se, but the Court appointed counsel for him on June 22, 2015. ECF No. 58. Ketchum and his appointed counsel soon began having difficulties. The relationship between Ketchum and his appointed counsel, the firm Pepper Hamilton, has greatly deteriorated. Accordingly, Pepper Hamilton's renewed motion to withdraw as counsel will be granted.

**I.**

For clarity, the procedural history summarized in the Court's August 4, 2016, order will be repeated here. On February 27, 2014, Magistrate Judge Paul J. Komives issued a Report recommending that the motion for summary judgment filed by Defendants Werda, Welton, McMillan, and Khan be granted in part and denied in part. *See* Rep. & Rec., ECF No. 43. Judge Komives further recommended that all claims against Defendants be dismissed except for

Plaintiff Ketchum's excessive force claim. *Id*. at 22. Judge Komives also recommended dismissing Defendant Werda in his entirety. *Id*. The Court adopted Judge Komives Report and overruled the parties' objections to it. *See* July 18, 2014 Op. & Order, ECF No. 50.

After ruling on the parties' motions for summary judgment, all that remained was a triable issue concerning Ketchum's excessive use of force claim. Judge Komives had previously instructed Ketchum, in response to a motion for appointment of counsel, that if Ketchum's case "survives dispositive motion practice and proceeds to trial" Ketchum could renew his request for counsel. *See* January 14, 2014 Order, ECF No. 41. Following the Court's July 18, 2014 Opinion and Order, Ketchum renewed his request for counsel. *See* Pl.'s Mot. to Renew Mot. to Appoint Counsel, ECF No. 51. Judge Komives conditionally granted Ketchum's renewed motion and referred the matter to the Court's *pro bono* program administrator. *See* September 4, 2014 Order, ECF No. 52. Ketchum's motion was granted on the condition that an attorney in the Court's *pro bono* program would accept appointment as his counsel. *Id*.

The task of locating willing counsel for Ketchum took significant time. While counsel was being sought, Ketchum filed a motion renewing his request for counsel and requesting other forms of relief, such as certain discovery and the reinstatement of dismissed Defendants. *See* Pl.'s Mot. for Disc. & Appoint. of Counsel, ECF No. 55. Also while counsel was being sought, this case was reassigned from Judge Komives to Magistrate Judge Patti. *See* January 13, 2015 Text Order. Judge Patti denied Ketchum's motion. *See* May 15, 2015 Order, ECF No. 56. Judge Patti also struck two letters that Ketchum filed on the docket. *See* May 15, 2015 Order, ECF No. 57.

Eventually, willing counsel was located and Attorneys Matthew J. Lund and Brett Gelbord from the firm Pepper Hamilton, LLP, were appointed to represent Ketchum. *See* June

22, 2015 Order of Assignment of Counsel, ECF No. 58. After appointing counsel, the Court scheduled a telephonic status conference with counsel for both parties. The parties agreed to reset the scheduling order in this matter, which included reopening discovery and allowing the parties another opportunity to file dispositive motions. A new case management and scheduling order was issued on July 31, 2015. *See* Case Management and Scheduling Order, ECF No. 60.

On October 6, 2015, Kay Kress, a corporate restructuring and bankruptcy partner at Pepper Hamilton, made an appearance on the docket on behalf of Ketchum. *See* Not. of Appearance, ECF No. 61. Then, on September 10, 2015, Ketchum, acting pro se, filed a "motion to prevent co-counsel Kay Kress from assisting in this case." *See* Pl.'s Mot., ECF No. 64. Ketchum claimed in his motion that he "does not agree with the interpretation of Ms. Kress's understanding of the representation agreement or 'Terms of Engagement.'" *Id*. He took issue with the fact that "[t]he terms of engagement is placed in vauge terms, in respects to appeals being filed on arbitrary or otherwise wrongful denials to motions and pleading's while the case is active." *Id*. (sic throughout). Further, he felt that "Ms. Kress has displayed a lack of zealousness in her ambition to represent" him and that he has "lost faith in Ms. Kress's ability to provide adequate representation." *Id*. This is in part, he explained, because Attorney Kress "has provided ill advise [sic] on particular matters concerning motions and appeals thereof." *Id*. Finally, Ketchum observed that "Ms. Kress was not named on the Court's order appointing counsel." *Id*.

After Ketchum filed his motion, Judge Patti directed counsel for Ketchum to respond to his contentions and "explain[] Attorney Kay Kress's role and prospective role in this matter." September 18, 2015 Order, ECF No. 65. Judge Patti directed counsel for Ketchum to respond by October 2, 2015. *Id*. Judge Patti also directed Ketchum himself to respond after having an opportunity to review his counsel's explanation for Attorney Kress's involvement in the case.

Judge Patti directed Ketchum to file a brief "inform[ing] the Court whether his position on this issue has changed or be modfied [sic], and if not, why not; if so, why so." *Id*. Ketchum was to respond by October 16, 2015.

Ketchum's counsel timely filed their response. *See* Resp., ECF No. 67. In conjunction with that response, they filed a motion to withdraw as counsel for Ketchum. *See* Mot. Withdraw, ECF No. 66. Ketchum's counsel explained in their response and motion that Attorney Kress was assisting the appointed attorneys from Pepper Hamilton in "prosecuting plaintiff's claims, in communicating with the client, in initiating discovery, and in taking other action necessary to comply with the Court's Case Management and Scheduling Order." *Id*. at 6. They further explained that "Pepper Hamilton operates as a firm, and it views the firm as counsel to its clients." *Id*. at 7. Thus, it is standard practice for the firm to have non-appointed attorneys appear in and work on cases where other attorneys at the firm have been appointed. Attorney Kress was operating in such a role.

On August 4, 2016, the Court issued an order denying Ketchum's motion to prevent Attorney Kress from assisting in the case and denying Pepper Hamilton's motion to withdraw. ECF No. 77. The Court encouraged the parties to "make another effort at cooperation." *Id.* at 4. The Court further advised Ketchum that, if it became necessary to remove Pepper Hamilton, Ketchum would "return to pro se status" and, because "the case was trial-ready the last time Ketchum was pro so," it would be reset for trial. *Id.* at 5.

On October 7, 2016, Pepper Hamilton filed a renewed motion to withdraw as counsel. ECF No. 83. Pepper Hamilton asserted that it had made reasonable efforts to reestablish a positive working relationship with Ketchum. However, relations have once again deteriorated. *Id.* at 2. Pro se plaintiffs do not have a constitutional right to counsel. *Lavado v. Keohane*, 992

F.2d 601, 605–06 (6th Cir. 1993). Rather, appointment of counsel in civil cases is a privilege "that is justified only by exceptional circumstances." *Id.* at 606. Given Ketchum's refusal to cooperate with appointed counsel that the Court expended considerable time and effort in procuring, the Court will grant Pepper Hamilton's renewed motion to withdraw. Further, as mentioned in the Court's August 4, 2016, order, Ketchum will now return to pro se status, "absent extraordinary circumstances." ECF No. 77 at 5. No extraordinary circumstances having been shown, the case is trial ready. To expedite resolution of Ketchum's suit, the trial will be rescheduled.

**II.**

Because Ketchum will be representing himself in a federal court civil action while incarcerated in state prison,[1] a new issue arises. Does Ketchum have a right to be personally present at his civil trial? If so, does this Court have the legal authority to compel the State of Michigan to temporarily transfer custody to the federal government so that Ketchum may personally present his case?

"Generally speaking, prisoners who bring civil actions, including prisoners who bring actions under the civil rights statute, 42 U.S.C. § 1983, have no right to be personally present at any stage of the judicial proceedings." *Holt v. Pitts*, 619 F.2d 558, 560 (6th Cir. 1980). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, . . . [including] the otherwise unqualified right . . . to '"plead and manage their own causes personally."'" *Price v. Johnston*, 334 U.S. 266, 285–86 (1948) (quoting 28 U.S.C. § 1654). Despite that limitation, federal courts have the power, pursuant to 28 U.S.C. § 1651(a), to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the

---

[1] Ketchum is currently being held in the Carson City Correctional Facility in Carson City, Michigan. *See* Notice of Change of Address, ECF No. 82.

usages and principles of law." That provision gives federal courts discretion to "issue writs requiring penal authorities to produce prisoners at judicial proceedings in civil cases." *Holt*, 619 F.2d at 561.[2] Importantly, "a court should issue a writ that requires the production of a prisoner only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claims." *Id.* The district court's obligation to ensure the plaintiff's presence at pre-trial court proceedings is necessarily less than the obligation that arises once the civil action proceeds to trial. *Id.* Once "an inmate's civil action reaches the trial stage, and his claim proves sufficiently meritorious to survive motions for dismissal and summary judgment, a court must then take all reasonable steps necessary to insure that the inmate receives the fair 'day in court' to which he is entitled." *Id.* at 561–62 (*citing Heidelberg v. Hammer*, 577 F.2d 429, 431 (7th Cir. 1978)).

In this case, Ketchum's excessive force claim has survived summary judgment. *See* ECF No. 50. Further, because Ketchum is now representing himself pro se, his case will not be presented adequately unless he is physically present. In *Holt*, the Sixth Circuit mentioned "[o]ral testimony" and issues regarding the "credibility of witnesses" as circumstances which strongly counsel for the inmate's physical presence in the courtroom. 619 F.2d at 562. A civil trial on an excessive force claim will necessarily involve extensive testimony and thus credibility determinations. Accordingly, and because the Court has an obligation to ensure that Ketchum receives his fair day in court, the Court will issue a writ requiring the production of Ketchum for the trial.

---

[2] Although *Holt* references only § 1651(a), that provision simply authorizes federal courts to issue writs which are "necessary or appropriate . . . and agreeable to the usages and principles of law." The specific writ that is used to require production of a prisoner is the writ of habeas corpus ad testificandum, 28 U.S.C. § 2241. *See Stone v. Morris*, 546 F.2d 730, 737 (7th Cir. 1976).

That conclusion, however, creates an additional complication. Ketchum is currently incarcerated in Carson City, Michigan, which is in the Western District of Michigan. In the Sixth Circuit, the law is unsettled as to whether a district court has the power to issue a writ that reaches beyond the court's territorial jurisdiction in a civil case. *See Holt*, 619 F.2d at 562. Extraterritorial writs are clearly allowed in criminal cases. *Id.*

For the following reasons, this Court will follow the courts which have held that a federal court can issue an extraterritorial writ requiring the presence of an inmate in civil cases. In *Stone v. Morris*, the Seventh Circuit held that district courts have the power to "compel production of an incarcerated party or witness from anywhere in the country through the use of a writ of habeas corpus ad testificandum." 546 F.2d at 737. In support, the *Stone* court cited *Carbo v. U.S.*, where the United States Supreme Court held that a writ of habeas corpus ad prosequendum[3] has no territorial limitations. 346 U.S. 611. The *Stone* court noted that the writ of habeas corpus ad testificandum is "on its face, comparable to and is as broad as the writ of habeas corpus ad prosequendum." 546 F.2d at 737. *See also Word v. State of N.C.*, 406 F.2d 352, 356 n. 5 (4th Cir. 1969) (noting that although the "interstate reach" of the writ of habeas corpus ad testificandum is not settled law, "remaining doubt about the reach of [the writ] is insubstantial"); *United States v. McGaha*, 205 F. Supp. 949, 951 (E.D. Tenn. 1962) ("The Court has jurisdiction to issue the writ [of habeas corpus ad testificandum] extraterritorially to the warden of the federal prison in another jurisdiction in a proper case."). *But see Clark v. Hendrix*, 397 F. Supp. 966, 974 (N.D. Ga. 1975) (holding, based in part on a case overruled by *Stone*, that the writ of habeas corpus ad testificandum cannot be used extraterritorially); *Silver v. Dunbar*, 264 F. Supp. 177, 180 (S.D.

---

[3] The writ of habeas corpus ad prosequendum is used "to remove a prisoner in order to prosecute him in the proper jurisdiction wherein the offense was committed. *Carbo*, 364 U.S. at 615.

Cal. 1967) (same). Because the reasoning in *Stone* is persuasive, the Court holds that § 2241 can be used extraterritorially to compel production of a state inmate-plaintiff in a federal civil case.

The only remaining issue is allocating the responsibility of transferring Ketchum from his state prison to the federal court for the trial. In *Ballard v. Spradley*, the Fifth Circuit held that

> [i]t was altogether reasonable to allot Florida the responsibility of transporting the prisoners from their place of state incarceration to a county jail convenient to the place of trial, and to the Marshals Service the responsibility for transporting them from the local jail to the federal courthouse, providing courtroom security, and returning them to the local jail.

*Ballard v. Spradley*, 557 F.2d 476, 481 (5th Cir. 1977). *See also Story v. Robinson*, 531 F. Supp. 627, 630 (W.D. Pa.) ("[W]e believe that this court has the power to order either the Commonwealth or the Marshal Service to bear the entire cost of transporting these prisoners."). The Court agrees. The State of Michigan will be directed to transport Ketchum to a Michigan county jail before Ketchum's trial date. The Marshals Service will then be responsible for transporting Ketchum to the courthouse, housing Ketchum during the trial, and then transporting Ketchum back to the county jail after the conclusion of the trial.

### III.

Accordingly, it is **ORDERED** that Pepper Hamilton's renewed motion to withdraw as attorneys, ECF No. 83, is **GRANTED.**

It is further **ORDERED** that Attorneys Brett Gelbord's, Matthew J. Lund's, and Kay S. Kress's appearance on behalf of Plaintiff David Ketchum is **TERMINATED**.

It is further **ORDERED** that the deadlines and conferences scheduled in the Court's August 4, 2016, order, ECF No. 77, are **CANCELLED**.

It is further **ORDERED** that the trial currently set for April 4, 2017, is **RESCHEDULED** to **February 28, 2017, at 8:30 a.m.**

It is further **ORDERED** that the State of Michigan is **DIRECTED**, pursuant to 28 U.S.C. § 2241(a), to transport Plaintiff David Ketchum to a local county jail prior to the trial.

It is further **ORDERED** that the United States Marshals Service is **DIRECTED** to obtain Plaintiff David Ketchum from State of Michigan custody, ensure his presence at the civil trial, and then return David Ketchum to State of Michigan custody.


Dated: November 1, 2016                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2016.

                                       s/Michael A. Sian
                                       MICHAEL A. SIAN, Case Manager