UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID KETCHUM,

        Plaintiff,                              Case No. 10-cv-14749

v.                                                  Honorable Thomas L. Ludington

RANDY KHAN, et al.,

        Defendants.

_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

      This case concerns an allegation by Plaintiff David Ketchum that he was improperly treated during an arrest by Michigan State Police Troopers. Ketchum is asserting an excessive force claim pursuant to 42 U.S.C. § 1983. Ketchum began by proceeding pro se, but the Court appointed counsel for him on June 22, 2015. ECF No. 58. Ketchum and his appointed counsel, the firm Pepper Hamilton, soon began having difficulties.

**I.**

      On October 6, 2015, Kay Kress, a corporate restructuring and bankruptcy partner at Pepper Hamilton, made an appearance on the docket on behalf of Ketchum. *See* Not. of Appearance, ECF No. 61. Then, on September 10, 2015, Ketchum, acting pro se, filed a "motion to prevent co-counsel Kay Kress from assisting in this case." *See* Pl.'s Mot., ECF No. 64. Ketchum claimed in his motion that he "does not agree with the interpretation of Ms. Kress's understanding of the representation agreement or 'Terms of Engagement.'" *Id*. He took issue with the fact that "[t]he terms of engagement is placed in vauge terms, in respects to appeals being filed on arbitrary or otherwise wrongful denials to motions and pleading's while the case is active." *Id*. (sic throughout). Further, he felt that "Ms. Kress has displayed a lack of zealousness

in her ambition to represent" him and that he has "lost faith in Ms. Kress's ability to provide adequate representation." *Id*. This is in part, he explained, because Attorney Kress "has provided ill advise [sic] on particular matters concerning motions and appeals thereof." *Id*. Finally, Ketchum observed that "Ms. Kress was not named on the Court's order appointing counsel." *Id*.

After Ketchum filed his motion, Judge Patti directed counsel for Ketchum to respond to his contentions and "explain[] Attorney Kay Kress's role and prospective role in this matter." September 18, 2015 Order, ECF No. 65. Judge Patti directed counsel for Ketchum to respond by October 2, 2015. *Id*. Judge Patti also directed Ketchum himself to respond after having an opportunity to review his counsel's explanation for Attorney Kress's involvement in the case. Judge Patti directed Ketchum to file a brief "inform[ing] the Court whether his position on this issue has changed or be modfied [sic], and if not, why not; if so, why so." *Id*. Ketchum was to respond by October 16, 2015.

Ketchum's counsel timely filed their response. *See* Resp., ECF No. 67. In conjunction with that response, they filed a motion to withdraw as counsel for Ketchum. *See* Mot. Withdraw, ECF No. 66. Ketchum's counsel explained in their response and motion that Attorney Kress was assisting the appointed attorneys from Pepper Hamilton in "prosecuting plaintiff's claims, in communicating with the client, in initiating discovery, and in taking other action necessary to comply with the Court's Case Management and Scheduling Order." *Id*. at 6. They further explained that "Pepper Hamilton operates as a firm, and it views the firm as counsel to its clients." *Id*. at 7. Thus, it is standard practice for the firm to have non-appointed attorneys appear in and work on cases where other attorneys at the firm have been appointed. Attorney Kress was operating in such a role.

On August 4, 2016, the Court issued an order denying Ketchum's motion to prevent Attorney Kress from assisting in the case and denying Pepper Hamilton's motion to withdraw. ECF No. 77. The Court encouraged the parties to "make another effort at cooperation." *Id.* at 4. The Court further advised Ketchum that, if it became necessary to remove Pepper Hamilton, Ketchum would "return to pro se status" and, because "the case was trial-ready the last time Ketchum was pro se," it would be reset for trial. *Id.* at 5.

On October 7, 2016, Pepper Hamilton filed a renewed motion to withdraw as counsel. ECF No. 83. On November 1, 2016, the Court granted that motion. Because the Court had previously informed Ketchum that, if Pepper Hamilton was removed as counsel, he would return to pro se status and trial would be scheduled, the trial was reset for February 28, 2017.

On December 9, 2016, Ketchum filed a motion for appointment of counsel. ECF No. 88. In the motion, he argues that the Pepper Hamilton attorneys colluded with the Court and with opposing counsel against him. He specifically references his prior counsel's refusal to "obtain the video recording's [sic] that caught the defendant's beating, choking, and torturing plaintiff." *Id.* at 4. He alleges that because his attorneys did not timely seek the recordings, they were destroyed. He also asserts that he is not legally sophisticated enough to represent himself at trial.

**II.**

Ketchum's motion will be denied. Pro se plaintiffs do not have a constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, appointment of counsel in civil cases is a privilege "that is justified only by exceptional circumstances." *Id.* at 606. Ketchum has consistently shown a refusal to cooperate in good faith with his appointed attorneys. Despite Ketchum's lack of legal experience, there are no "exceptional circumstances"

here which necessitate reappointment of counsel, especially considering Ketchum's past interactions with counsel.

To the extent Ketchum is arguing that the potential evidence spoliation claim involving the video recordings necessitates the appointment of counsel, that argument is unavailing. Ketchum attaches to the motion a letter from his former counsel which discusses their attempt to obtain the video footage. Letter, ECF No. 88, Ex. A. Ketchum's attorney explains that he sent a subpoena to the hospital seeking the evidence. In response, the hospital explained that "the only treatment areas in the emergency department with any kind of camera is the psychiatric room, which has a video feed that is not recorded . . . . Second and more importantly, the hospital's entire video surveillance system was replaced in 2001." *Id.* Ketchum has not provided any affirmative evidence of spoliation. The only evidence he does present indicates that no recording was ever made. Thus, this potential spoliation claim does not necessitate appointment of counsel.

**III.**

Accordingly, it is **ORDERED** that Ketchum's motion for appointment of counsel, ECF No. 88, is **DENIED.**

Dated: December 21, 2016                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 21, 2016.

                                s/Michael A. Sian
                                MICHAEL A. SIAN, Case Manager